KROPPF et al. v. FURST et al.

(Circuit Court, D. New Jersey. May 15, 1899.)

1. UNFAIR COMPETITION — RIGHT TO INJUNCTION — SIMILARITY IN DRESSING OF GOODS.
    Whether the manner in which a defendant dresses his goods for the market renders them so similar in appearance to those of complainant as to deceive intending purchasers, and warrant a court in interfering by injunction to prevent unfair competition, is a question to be decided on the circumstances in each case.

2. SAME—TOILET SOAPS—COMPARISON OF BARS.
    Defendants were selling in the market a toilet soap put up in bars similar in size and shape to those of complainants' soap, but different in color. The bars of both kinds of soap had upon one face the words "a base de Glycerine," but on the reverse face of complainants' was the name "La Parisienne," while on defendants' was the name "Rose de·

France." *Held*, that in view of the distinctive names of the two articles, which would seem more likely to guide purchasers than the size and shape of the bars, and in the absence of proof that any one had actually been deceived, a court was not justified in granting a preliminary injunction against defendants.

This is a suit in equity to enjoin alleged unfair competition in trade. Heard on motion for preliminary injunction.

Walter D. Edmonds, for the motion.
Esek Cowen, opposed.

KIRKPATRICK, District Judge. The bill of complaint in this cause alleges that the complainants have for many years been engaged in the successful manufacture and sale of a glycerine soap, which they have distinguished from other glycerine soaps on the market by the arbitrary designation of "La Parisienne," stamped on one side thereof, and the terms "a base de Glycerine" upon the other; that the said marks were combined with cakes of soap of an elongated bar shape, being parallelopipeds $5\frac{5}{8}$ inches long, $1\frac{5}{8}$ inches wide, and $1\frac{1}{8}$ inches thick, divided equally in the middle by an indented line. The bill charges that the defendants are selling a soap similar in shape, size, and color, bearing on one side of the major faces thereof the term "a base de Glycerine" and upon the other the designation "Rose de France." The charge is that by the sale thereof the defendants unfairly compete in trade with the complainants, deceive intending purchasers, and induce them to buy an inferior article manufactured by other parties as the soap of the complainants. The prayer of the bill is for an injunction restraining the defendants from selling any glycerine soap of the said parallelopiped shaped bar, in connection with the markings adopted by the complainants, or any colorable imitation thereof, not manufactured by the complainants. It is not contended that the complainants have any trade-mark rights either in the shape of the bar, or in the name, or in the marks, or in the color which they have adopted to designate their soap. Relief is sought solely upon the ground that the complainants having been the first to appropriate this combination of distinctive marks, and having acquired an extensive trade in the article so designated, they are entitled to be protected against those who imitate them for the purpose of unfairly inducing the public to purchase goods inferior in quality under the belief that they are the same which they have been accustomed to get from the complainants. Such contention seems to me to come within the rule laid down in Coats v. Thread Co., 149 U. S. 562, 13 Sup. Ct. 966, where the court said, "The defendants have no right to dress their goods up in such manner as to deceive intending purchasers, and induce them to believe that they are buying those of plaintiff." Recognizing the principle, I am of the opinion that the similarity which will warrant the interference of the court must be determined by the circumstances of each case. An inspection of the exhibits produced here shows the soap sold by the defendants to be like that of the complainants in size and shape, and that it bears the mark "a base de Glycerine." It, however, differs in color, and has for a distinctive name "Rose de France," instead of "La Parisienne." It would seem

that, to the trade and intending purchasers, the distinguishing mark of complainants' soap would be rather the distinctive name, than the size, color, or shape. It would be impossible to confound "Rose de France" with "La Parisienne," though, as was suggested on the argument, "La Parisienne" might also become "Rose de France." It has not been made to appear that any one has in fact been deceived or induced by similarity to buy the soap sold by defendants for that of the complainants. The testimony of Goldman does not go so far. He asked for La Parisienne soap. The saleswoman inquired if it were glycerine soap, and, upon receiving an affirmative reply, produced a bar of glycerine soap, saying:

"This is the same as La Parisienne, but it has 'Rose de France' on it. Sometimes they put those words on it, and sometimes 'La Parisienne'; but it is the same soap, made by the same firm. Will it do?"

Goldman answered "Yes," and took away the soap, to be marked an exhibit in the cause. It does not appear that Goldman was deceived. He does not say that he was induced to buy defendants' soap because it was like that of complainants in name, shape, size, or color, or any other similarity. So far as his deposition is any guide to his motive, the purchase was made in despite of the difference of name to which his attention was specifically directed, and solely upon the unauthorized representation of a saleswoman, anxious to make sale to a customer, that the Rose de France and La Parisienne were manufactured by the same firm. This assertion might have been made with regard to any glycerine soap having not only a totally dissimilar name, but in every respect of form, color, and size differing from that of complainants. The facts presented in this case do not furnish a sufficient foundation upon which to base a right to a preliminary injunction restraining defendants from making sale of soap such as is described, upon the ground of deceit, or that by so doing they unfairly compete in trade with the complainants. The motion will be denied.